

FILED
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**     2010 OCT 22  PM 4:50

Dale Baptiste Individually and as the
Administratrix of the                        U.S. DISTRICT COURT
Estates of Dwayne David and Kayshawn Forde   EASTERN DISTRICT
    Plaintiffs,                              OF NEW YORK

        -v.-                                 
Raymond W. Kelly in capacity as
Commissioner of the New York City Police
Department, New York City Police Department,        **JOHNSON, J**
Michael Bloomberg in capacity as Mayor of the
City of New York, City of New York, New York        **POHORELSKY, M.J.**
City Police Officers 1-5, Known, Name Unknown
in their Official and Individual capacities,

        Defendants.

---

## - COMPLAINT -

COME NOW Dale Baptiste (hereinafter "Plaintiff"), complaining of Raymond W.

Kelly in his capacity as Commissioner of the New York City Police Department, New

York City Police Department (collectively and hereinafter "NYPD"), Michael Bloomberg

in capacity as Mayor of the City of New York, City of New York (collectively and

hereinafter "NYC"), New York City Police Officers 1-5, Known, Names Unknown

---

### -PARTIES, JURISDICTION AND VENUE-

1.      Plaintiff, DALE BAPTISTE, is an adult citizen and resident of the United States

        of America and the State and City of New York, Kings County, Borough of

        Brooklyn; she is the mother of KAYSHAUN FORDE AND DWANYE DAVID,

        deceased October 26, 2008; she is the administratrix of the ESTATES OF

        KAYSHAUN FORDE AND DWANYE DAVID.

2.      Defendant, NYC, was and is a governmental/municipal corporation of the State of

        New York, a sovereign state of the United States of America, subject to the

        Constitution of the United States of America, at all times herein mentioned.

Defendant, Michael Bloomberg in capacity as Mayor of the City of New York is the chief executive officer of NYC.

3.    Defendants New York City Police Officers 1-5 Known, names unknown, were employed by the New York City Police Department and at all times herein mentioned were acting within the scope of their employment.

4.    This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured by the plaintiffs by the Constitution of the United States, federal and state law, particularly the CIVIL RIGHTS ACT, 42 U.S.C. § 1983.

5.    This action arises under said 42 U.S.C. § 1983; under the FOURTEENTH AMENDMENTS to the CONSTITUTION OF THE UNITED STATES; under other provisions of federal law; and under 28 U.S.C. § 1367, the SUPPLEMENTAL JURISDICTION STATUTE.  This Court has jurisdiction under and by the virtue of the GENERAL FEDERAL QUESTION STATUTE, 28 U.S.C. § 1331, and the CIVIL RIGHTS JURISDICTION STATUTE, 28 U.S.C. § 1331.

6.    All defendants reside, and the claim arose, in the Eastern District of New York.

## CLAIM PURSUANT TO 42 U.S.C. § 1983

7.    This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured by the plaintiffs by the Constitution of the United States, federal and state law, particularly the CIVIL RIGHTS ACT, 42 U.S.C. § 1983.

8.    This action arises under said 42 U.S.C. § 1983; under the FOURTEENTH AMENDMENTS to the CONSTITUTION OF THE UNITED STATES; under other

provisions of federal law; and under 28 U.S.C. § 1367, the SUPPLEMENTAL

JURISDICTION STATUTE. This Court has jurisdiction under and by the virtue of the

GENERAL FEDERAL QUESTION STATUTE, 28 U.S.C. § 1331, and the CIVIL RIGHTS

JURISDICTION STATUTE, 28 U.S.C. § 1331.

*-facts common to all claims-*

9.    On October 26, 2008 defendants Police Officers 1-5 known, names unknown

without just cause or provocation shot Kayshawn Forde and Dwayne David in the

back on or about the sidewalk and curb of the addresses known as 1058 Rutland

Road through 1077 Rutland Road, Brooklyn, New York 11212.

10.    Kayshawn Forde and Dwayne David, brothers, were coming from a social

engagement at a local nightclub establishment.

11.    Upon information and belief said police officers did not identify themselves as

police officers.

12.    Kayshawn Forde was taken by ambulance to Kings County Hospital's emergency

department located at 451 Clarkson Avenue, Brooklyn, New York 11203.

13.    Dwayne David was taken by ambulance to Brookdale Hospital Medical Center's

emergency department located at 1 Brookdale Plaza, Brooklyn, New York 11212.

14.    Kayshawn Forde and Dwayne David suffered conscious pain and suffering before

dying from the gun shot wounds to their backs inflicted by defendant police

officers.

*As and for a first cause of action*
*Defendants violated Plaintiff's Decedents Fourth and Fourteenth*
*Amendment Rights under the U.S. Constituion*

15.    Plaintiff's decedents were shot and killed by police officers, said acts were

excessive and improper under the reasonableness standard of the Fourth

Amendment; and substantive due process and equal protections afforded by the

Fourteenth Amendment of the United States Constitution.  Defendant police

officers violated Plaintiff's decedents' Constitutional Rights who suffered

damages.

16.    Plaintiff's decedents had a constitutional life and liberty interest in living their

natural lives.  Dwayne David was 22 years old and his brother Kayshawn Forde

was 21 years old when they were killed by defendant police officers.

17.    Therefore, Dale Baptiste demands judgment declaring NYC and NYPD liable for

deprivation of the life of her decedent sons and entering a judgment of

$10,000,000.00 damages.

*As and for a second cause of action*
*New York's Infliction of Cruel and Unusual Punishment in*
*Violation of the Eighth & Fourteenth Amendments of the U.S.*
*Constitution*

18.    Plainttiff's repeat and re-allege paragraphs 1-17 as of the herein complaint.

19.    The defendants City of New York and New York City Police Department have a

constitutional duty, as state-actors who hire, train, and supervise defendant police

officers to be keepers of peace and to protect persons and property, to not inflict

cruel and unusual punishments upon citizens of the United States and or those

under arrest.

20.    Therefore, Dale Baptiste demands judgment of $10,000,000.00 in damages.

*As and for a third cause of action*
*Defendants were responsible for the wrongful death of Kayshawn Forde and*
*Dwanye David*

21.     Plaintiffs repeat and re-allege paragraphs 1-20 of the complaint.

22.     Defendants had a duty of due care to Plaintiff's decedents to uphold and keep the
peace.

23.     Defendants breached that duty and were the proximate cause of the death of
Keyshawn Forde and Dwanye David.

24.     Plaintiffs were harmed and suffered damages of $10,000,000.00

*As and for a fourth cause of action*
*New York City's Violation of Federal and State Constitution's Equal*
*Protection and Anti-Racial Discrimination Clauses*

25.     Plaintiffs restate and re-allege paragraphs 1-24 of the herein complaint.

26.     All citizens of New York City and the United States must be afforded the
equal protection of the law.

27.     All citizens of New York City must additionally be afforded freedom from
racial discrimination by the State and its agencies.

28.     Kayshaun Forde and Dwayne David were African-Americans/Black citizens
who resided in a majority African-American/Black community where they
were killed.

29.     African-American/Black citizens of New York City suffer a
disproportionately higher number of injuries and deaths from police shootings
than that of the general populous of the country and state and city of New
York.

30. NYC and NYPD failed to equally protect, disproportionately impacting its African-American/Black, and other minority citizens by its pattern and practice of deliberate indifference to the life of its citizens.

31. Therefore, Dale Baptiste demands judgment declaring NYC and NYPD liable for racial discrimination and entering judgment in the amount of $10,000,000.00 for each of her decedents in favor of the plaintiffs herein.

32. There has been no other complaint or petition made before this or any other Court for the reliefs requested herein.

---

### PRAYER

Wherefore, Plaintiffs demand judgment: (a) in the amount of FIFTY MILLION DOLLARS ($50,000,000.00 US) for the intentional and negligent acts of the Defendants.

> Respectfully Submitted and Affirmed on Penalty of Perjury by André Ramón Soleil, an Attorney Duly Admitted to Practice Before the Courts of the State of New York,

Dated: Brooklyn, NY
October 22, 2010

André Ramón Soleil, Esq. (AS7740)
Attorney for the Plaintiffs
Soleil and Company, P.C.
32 Court Street, Suite 1107,
Brooklyn, NY 11201
718.522.0103 *ph* 718.705.4397 *fx*