UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DALE BAPTISTE, as Administrator of the Estate of
DWAYNE DAVID, deceased, and DALE BAPTISTE,
as Administrator of the Estate of KAYSHAWN FORDE,     **AMENDED**
deceased,     **COMPLAINT**

                                      Plaintiff,     10 CV 4884
                                                                   (SJ) (VVP)
    -against-

                                                                     <u>Jury Trial Demanded</u>
CITY OF NEW YORK, LARRY BURNHAM, Individually, and
BENJAMIN WHITE, Individually,

                                                         Defendants.

------------------------------------------------------------------------X

        Plaintiff Dale Baptiste, as Administrator of the Estates of Dwayne David and Kayshawn Forde, both deceased, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, for violations of the civil rights of her sons, Dwayne David and Kayshawn Forde, both deceased, as said rights are secured by said statutes and the Constitution of the United States.

    2.    This case arises from the fatal shooting of the decedents on October 26, 2008, by the defendant New York City Police Department ("NYPD") Officers, Lieutenant Larry Burnham, and Police Officer Benjamin White. The defendants shot the decedent brothers, Dwayne David and Kayshawn Forde, in their backs, killing them. David was just twenty-two years of age. Forde was just twenty-one years of age.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is found upon 28 U.S.C. §§1331, and 1343.

## VENUE

5. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7. Decedent, Dwayne David, was a twenty-two year old African male who resided in Kings County when he was shot and killed by the defendants.

8. Decedent, Kayshawn Forde, was a twenty-one year old African American male who resided in Kings County when he was shot and killed by the defendants.

9. Plaintiff Dale Baptiste, the mother of the decedents, who were brothers, presently resides in Kings County. Ms. Baptiste was granted Limited Letters of Administration by the Surrogate of Kings County, and is authorized to bring this action on behalf of the decedents' respective estates.

10. Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant City of New York maintains the NYPD, a duly authorized public

authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

12. That at all times hereinafter mentioned, the individually named defendants, Larry Burnham and Benjamin White, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. At the time of the incident, defendant Burnham held the rank of Lieutenant, a supervisory rank, and had supervisory authority over defendant Officer White.

13. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

## FACTS

15. On October 26, 2008, at approximately 3:15 a.m., decedent brothers Dwayne David and Kayshawn Forde were present near RJ's Club, located on Rutledge Road, between E. 95th Street and E. 96th Street, in Kings County.

16. At that approximate time, the decedents were each shot and killed by the defendant New York City Police officers, Lieutenant Larry Burnham, and Police Officer Benjamin White.

17. The defendant officers were on duty and in plain clothes when they killed the decedents.

18. Upon information and belief, defendant officers Burnham and White did not

3

identify themselves as police officers or issue any commands to the decedents prior to discharging their weapons, and otherwise acted in an objectively unreasonable manner.

19. Upon information and belief, defendant White discharged his weapon sixteen times. Despite the fact that no shots were fired at White at the time that he made the unlawful decision to employ deadly force, this repeated and otherwise intentional reflexive shooting involved emptying a magazine, and then reloading his firearm. Many of White's shots went through and shattered the windshield and passengers side window of the police vehicle that he was in or near.

20. Upon information and belief, defendant Burnham discharged his weapon one time. Burnham fired this shot in response to the excessive gunfire from Officer White, and not in response to any threat from the decedents. Further, Burnham failed to take any steps to stop White from discharging his weapon in a contagious and deadly manner, despite a reasonable opportunity, and the authority, to do so.

21. Defendants Burnham and White discharged their weapons knowingly, intentionally, and willfully.

22. At the time that defendants White and Burnham discharged their weapons, they knew or should have known that with complete personal safety to themselves and others, they could have avoided the use of deadly force by retreating.

23. At the time that defendants White and Burnham discharged their weapons, they knew or should have known that their use of deadly force was objectively unreasonable under the circumstances.

24. The shooting occurred in whole or in part as a result of intentional reflexive shooting, rather than based on an analysis of the threat to the defendant officers or others.

25. As a result of the defendant officers' actions, decedent Dwayne David sustained two gunshot wounds to his back.

26. As a result of the defendant officers' actions, decedent Kayshawn Forde sustained two gunshot wounds, one to his back and the other to his arm.

27. Decedent Dwayne David was transported by ambulance to Brookdale Hospital Medical Center where he arrived in cardiopulmonary arrest.

28. Emergency medical procedures were administered. Notwithstanding, Dwayne David was pronounced dead at 4:13 a.m.

29. Decedent Kayshawn Forde was transported by ambulance to Kings County Hospital with a thready pulse.

30. Upon arrival, emergency procedures, including a thoracotomy, were administered. Notwithstanding, Kayshawn Forde was pronounced dead at 4:15 a.m.

31. The decedents, Dwayne David and Kayshawn Forde, endured conscious pain and suffering as a result of being shot by the defendants.

32. The decedents, Dwayne David and Kayshawn Forde, were deprived of the enjoyment of their lives by the defendants.

33. Defendants Burnham and White each participated in and/or otherwise failed to intervene in the illegal conduct described herein.

34. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

35. The City of New York provided to police officers, including defendants Burnham

and White, certain training regarding the handling and use of firearms.

36. Whether to use deadly force involves complex decision-making. However, the training provided did not ensure that police officers, including defendants Burnham and White, could effectively use their firearms in real-life situations.

37. The firearm training implemented in the years prior to the incident primarily involved shooting at fixed targets at known distances. The City of New York was, at all relevant times, well aware that this training was not sufficient.

38. The aforesaid event is not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claims, annual firearm discharge reports conducted by the NYPD, the RAND Corporation, and others, and complaints field with the NYPD's Internal Affair Bureau, and the City of New York's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of deadly force.

39. Among other things, the City was and is aware of the deadly, yet avoidable, consequences of intentional reflexive shooting, or contagious shooting. In particular, the City was and is aware that many NYPD firearm discharges occur without specific knowledge by the officer of what he or she is shooting, without carefully considering whether the situation meets the requirements for the use of deadly force. Typically, the officer is reacting to the sight and sound of other officers shooting, and starts to shoot.

40. Despite being aware of this problem, the City failed to properly monitor and critique instances of contagious shooting. According to a study commissioned by the NYPD in 2008, while the Firearm Discharge Review Board investigates each round to determine whether it was fired in violation of department guidelines, no determination is made about whether the discharge is an intentional reflexive discharge. Without that information being part of each

firearm-discharge report, the annual firearm-discharge report cannot provide summary statistics. As a result, it is not possible to determine the extent of reflexive shootings. Without this knowledge, the City is unable to, and has failed to, implement appropriate and necessary training and supervision with respect to intentional reflexive shooting.

41. Further, despite knowing the deadly impact of contagious shooting, the City failed to institute appropriate training to prevent instances of intentional reflexive discharge. Among other things, the City did not, but should have, instituted training that reinforced reflexive-shooting scenarios in which a stimulus, such as the cry, "He's got a gun!", or the sound of guns going off, is included. This would sensitize officers to cues that may not be reliable, and would teach them that such cues may generate unwanted responses. In addition, the NYPD should have instituted training that required officers to practice with the correct decision-making process to reduce the use of inappropriate decision-making shortcuts.

42. Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

43. Moreover, upon information and belief, defendant City of New York was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City of New York has retained these officers, and failed to adequately train and supervise them.

44. As a result of the foregoing, decedents Dwayne David and Kayshawn Forde sustained, *inter alia*, physical injuries, conscious pain and suffering, loss of enjoyment of life, and deprivation of their liberty and their constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of Dwayne David and Kayshawn Forde's constitutional rights.

47. As a result of the aforementioned conduct of defendants, Dwayne David and Kayshawn Forde were seized, subjected to excessive force, and forced to endure conscious pain and suffering, fear of impending death, and loss of life.

48. As a result of the foregoing, plaintiff Dale Baptiste, as Administrator of the Estates of Dwayne David and Kayshawn Forde, is entitled to compensatory damages in an amount to be fixed by a jury, including, without limitation, damages for conscious pain and suffering, fear of impending death, loss of earnings, and for loss of life, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The defendants shot and killed Dwayne David and Kayshawn Forde because of their national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

51. As a result of the foregoing, Dwayne David and Kayshawn Forde were deprived

of their rights under the Equal Protection Clause of the United States Constitution.

52. As a result of the foregoing, plaintiff Dale Baptiste, as Administrator of the Estates of Dwayne David and Kayshawn Forde, is entitled to compensatory damages in an amount to be fixed by a jury, including, without limitation damages for conscious pain and suffering, fear of impending death, loss of earnings, and for loss of life, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants had an affirmative duty to intervene on behalf of Dwayne David and Kayshawn Forde, whose constitutional rights were being violated in their presence.

55. The defendants failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, Dwayne David and Kayshawn Forde were subjected to excessive and deadly force, and were killed.

57. As a result of the foregoing, plaintiff Dale Baptiste, as Administrator of the Estates of Dwayne David and Kayshawn Forde, is entitled to compensatory damages in an amount to be fixed by a jury, including, without limitation damages for conscious pain and suffering, fear of impending death, loss of earnings, and for loss of life, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendant NYPD Lieutenant Larry Burnham, who held a supervisory rank, and had supervisory authority over defendant White at all times alleged herein, personally caused Dwayne David and Kayshawn Forde's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise defendant White.

60.     As a result of the foregoing, plaintiff Dale Baptiste, as Administrator of the estates of Dwayne David and Kayshawn Forde, is entitled to compensatory damages in an amount to be fixed by a jury, including, without limitation, damages for conscious pain and suffering, fear of impending death, loss of earnings, and for loss of life, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to: the improper use of deadly force against individuals; the failure to adequately train with regard to avoiding

contagious shooting; and the policy, custom or practice of engaging in falsification for the purpose of covering up acts excessive force or other abuses of authority. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of Dwayne David and Keyshawn Forde's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Dwayne David and Kayshawn Forde.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Dwayne David and Kayshawn Forde as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff Dwayne David and Kayshawn Forde as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Dwayne David and Kayshawn Forde were subjected to excessive and deadly force resulting in their wrongful deaths.

68. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating Dwayne David and Kayshawn Forde's constitutional rights.

69.   All of the foregoing acts by defendants deprived Dwayne David and Kayshawn Forde of federally protected rights, including, but not limited to, the right:

    A.   To be free from the use of excessive force;

    B.   To receive equal protection under law;

    C.   To be free from the failure to intervene; and

    D.   To be free from supervisory liability.

26.   As a result of the foregoing, plaintiff Dale Baptiste, as Administrator of the Estates of Dwayne David and Kayshawn Forde, is entitled to compensatory damages in an amount to be fixed by a jury, including, without limitation damages for conscious pain and suffering, fear of impending death, loss of earnings, and for loss of life, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff, Dale Baptiste, as Administrator of the Estates of Dwayne David and Kayshawn Forde, demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages, including, without limitation, damages for conscious pain and suffering, fear of impending death, loss of earnings, and for loss of life, in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       September 30, 2011

LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
    BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DALE BAPTISTE, as Administrator of the Estate of
DWAYNE DAVID, deceased, and DALE BAPTISTE,
as Administrator of the Estate of KAYSHAWN FORDE,
deceased,

            Plaintiff,    10 CV 4884
                  (SJ) (VVP)
  -against-

CITY OF NEW YORK, LARRY BURNHAM, Individually, and
BENJAMIN WHITE, Individually,

            Defendants.

------------------------------------------------------------------------X


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100